# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**PAM HART**                                                            **PLAINTIFF**

**v.**                          **Case No. 4:09cv0374 BSM**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY**                                                              **DEFENDANT**

## <u>ORDER</u>

This case was transferred to this court on June 26, 2009. At the time of transfer, the

defendant had an outstanding motion to dismiss pending. For the reasons stated below, the

defendant's motion dismiss [Doc. No. 6] is granted.

## I.  BACKGROUND

Plaintiff has an automobile insurance policy with defendant. On or about November

28, 2007, plaintiff was involved in an automobile accident with Tamera Langely, who is also

insured under a policy with the defendant. Ms. Langley's policy has a liability limit of

$25,000. The defendant tendered $25,000 to the plaintiff on January 31, 2008. Plaintiff

alleges that, as a result of the accident with Ms. Langley, she incurred medical expenses in

excess of this amount. She has made a demand on the defendant for payment of its

underinsured motorist coverage in the amount of $100,000. Defendant has refused her

demand. In a letter dated August 25, 2008, the defendant states that based on the information

it had received, it believed the plaintiff had been adequately compensated and that a payment

under the uninsured/underinsured motorist policy was not "due at this time."

On May 18, 2009, plaintiff filed suit against the defendant alleging that, by refusing her demand, the defendant has engaged in bad faith.  The defendant has filed motion to dismiss plaintiff's bad faith claim, found in paragraphs 11-13 of plaintiff's complaint, for failure to state a claim.

## II.  STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, *1950 (2009);  *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, *387 (8th Cir. 2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct. Ashcroft, 129 S. Ct. at *1950.  Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate.  *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, *870 (8th Cir. 2008).

## III.  DISCUSSION

The standard for establishing a claim for bad faith in Arkansas is rigorous and difficult to satisfy.  *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, *627, 210 S.W.3d 84, *87 (2005).  An insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its

insured. *Switzer v. Shelter Mut. Ins. Co.*, 362 Ark. 419, *433, 208 S.W.3d 792, *801 (2005); *Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, *429, 64 S.W.3d 720, *723 (2002); *State Auto Property & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, *56, 991 S.W.2d 555, *559 (1999). Bad faith is defined as dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge. *Switzer*, 362 Ark. at *433, 208 S.W.3d at 801; *Freeman*, 347 Ark. at *429, 64 S.W.3d at *723; *Swaim*, 338 Ark. at *56, 991 S.W.2d at *559. Mere negligence or bad judgment is insufficient so long as the insurer is acting in good faith. *Switzer*, 362 Ark. at *433, 208 S.W.3d at 801; *Freeman*, 347 Ark. at *429, 64 S.W.3d at *723; *Swaim*, 338 Ark. at *56, 991 S.W.2d at *559. The tort of bad faith does not arise from the mere denial of a claim; rather, there must be affirmative misconduct on the part of the insurer. *Switzer*, 362 Ark. at *433, 208 S.W.3d at 801; *Freeman*, 347 Ark. at *429, 64 S.W.3d at *723; *Swaim*, 338 Ark. at *56, 991 S.W.2d at *559.

In her complaint, plaintiff states that the defendant is guilty of bad faith because it refuses "to pay any portion of the underinsured coverage" and "refuses to pay the plaintiff's medical bills with no good faith defense." She goes on to state that the defendant's conduct is malicious, dishonest, and oppressive.

Plaintiff fails to include sufficient factual matters in her complaint to support a claim of bad faith. Absent is any evidence suggesting that the defendant engaged in misconduct. The defendant's motion to dismiss the plaintiff's bad faith claim is hereby granted.

IT IS SO ORDERED this 10th day of August, 2009.

3

_____
UNITED STATES DISTRICT JUDGE